[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 08, 2010
JOHN LEY
ACTING CLERK

No. 09-14090
Non-Argument Calendar

_____

D. C. Docket No. 09-00182-CV-CG-B

JOHN MCCORD,
PAMELA MCCORD,

Plaintiffs-Appellants,

versus

STATE OF ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 8, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

John and Pamela McCord (the "McCords"), appearing *pro se*, appeal the

district court's dismissal without prejudice of their complaint against the state of Alabama. The district court dismissed the case based on Eleventh Amendment immunity. On appeal, the McCords, who are citizens of Alabama, argue that the district court had jurisdiction to consider their 42 U.S.C. § 1983 claim under Article III of the Constitution and that an Alabama state court erred by enforcing a restrictive covenant on their real property.

We review *de novo* a district court's ruling dismissing a case based on Eleventh Amendment immunity. *See Hundertmark v. Fla. Dep't of Transp.*, 205 F.3d 1272, 1274 (11th Cir. 2000) (per curiam). In reviewing a district court's grant of a motion to dismiss, the allegations in the complaint are considered true and read in the light most favorable to the plaintiff. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) (citation omitted). In addition, *pro se* pleadings are to be construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has construed this language to bar suits against a state brought by that state's

2

own citizens. *See, e.g.*, *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962 (2001) ("Although by its terms the Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States."); *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355 (1974). The Eleventh Amendment's ultimate guarantee is that "nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 531 U.S. at 363, 121 S. Ct. at 962. Moreover, the Eleventh Amendment bars suits against a state in federal court by its own citizens or citizens of another state unless: (1) the state consents to suit in federal court; or (2) Congress has abrogated the state's sovereign immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 1872 (1990).

Here, the district court did not err in dismissing the McCords' complaint without prejudice because their suit against the state of Alabama is barred by the Eleventh Amendment. The McCords do not even allege that the state consented to suit or that Congress abrogated the state's immunity with the passage of some legislation. Accordingly, we affirm.

**AFFIRMED.**